# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COREY L. DIAMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 19-1009-CG-MU |
| ) | |
| MOBILE, AL SCHOOL BOARD, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

On November 20, 2019, Plaintiff Corey L. Diamond filed a *pro se* Complaint against the Mobile, AL School Board asserting claims against the school board for discrimination and segregation based upon him being placed in learning disability classes from Pre-K through 9th grade. (Doc. 1). At the bottom of his one-page complaint, Plaintiff requested the form for processing his "fees waiver." (*Id.*). On that same date, the clerk's office mailed Plaintiff a copy of this Court's Motion to Proceed Without Prepayment of Fees form. (*See* Docket Sheet). On January 8, 2020, this Court entered an order noting that Plaintiff had not filed a motion to proceed without prepayment of his filing fee or made payment of the fee and advising Plaintiff that the Court would recommend dismissal of this action if the form or payment was not filed by January 23, 2020. (Doc. 4). On January 15, 2020, Plaintiff filed a handwritten motion which said: "Process without Payment know money by law the paper work has to be file." (Doc. 7). The Court denied Plaintiff's motion to process without payment on February 19, 2020 because it was not on the Court's form and did not contain the information necessary to determine whether he meets the conditions to proceed without prepayment of the fee.

(Doc. 11). The Court instructed Plaintiff to fully complete the form that it again sent to him and to provide all requested information. (*Id*.). The Court ordered Plaintiff to file the completed form by March 5, 2020 and cautioned him that if he did not return the fully completed form or make payment by that date, the Court would recommend dismissal of his action. (*Id.*).

On February 26, 2020, Plaintiff filed the first page of this Court's form Motion to Proceed Without Prepayment of Fees. This page contained only the style of the case and the words "wave fee" in response to the first question which asks the movant to make a "Brief Statement as to the Nature of the Action." No other questions were answered. Because of Plaintiff's continued failure to complete the form that has been provided to him numerous times and/or to provide necessary information to determine whether he is entitled to a fee waiver, his failure to pay the filing fee, his failure to comply with the Court's January 8, 2020 and February 19, 2020 orders, and his failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be **DISMISSED, without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **21st** day of **April, 2020**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**